**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISH NETWORK L.L.C., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAJBIR SIDHU, <br><br> Defendant. | Civil Action No. 14-3781 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs DISH Network L.L.C. ("DISH Network"), EchoStar Technologies L.L.C. ("EchoStar"), and NagraStar LLC's ("NagraStar") (collectively, "Plaintiffs") motion for entry of default judgment against Defendant Rajbir Sidhu ("Defendant"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Court has carefully considered Plaintiffs' submission and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, Plaintiffs' motion for default judgment is granted.

**I.     Background**

In this case, Plaintiffs assert violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1), the Federal Communications Act, 47 U.S.C. § 605(a), and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1)(a) and 2520. Plaintiff DISH Network is a multi-channel video provider that delivers video, audio, and data services to approximately 14 million customers. (Compl. ¶ 9, ECF No. 1.) Together, Plaintiffs EchoStar

and NagraStar convert DISH Network's encrypted satellite signal into viewable programming. (*Id.* ¶ 18.) Plaintiffs allege that Defendant used pirated television services, namely IKS, Nfusion Private Server, and Akai Japan, to steal DISH Network programming. (*Id.* ¶ 8.) On June 23, 2014, Defendant was properly served and has since failed to respond or otherwise appear. (ECF No. 4.) The Clerk entered default on July 21, 2014. Plaintiff now moves for default judgment against Defendant on Count III of the Complaint, which alleges violations of the ECPA. (ECF No. 7.) Plaintiffs voluntarily dismiss Counts I and II of the Complaint, provided that relief is granted. (*Id.* at 14) Plaintiffs request statutory damages of $10,000 and a permanent injunction.

## II. Analysis

Rule 55 of the Federal Rules of Civil Procedure allows for an entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it. Default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.3d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Before a court can award default judgment it must consider "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted).

Plaintiffs allege that Defendant violated § 2511(1)(a) of the ECPA, which makes it unlawful for a person to "intentionally intercept" any "electronic communication." 18 U.S.C. § 2511(1)(a). The language of § 2511(1)(a) and § 2520(a) allows private parties to bring a cause of action for damages and injunctive relief when defendant has violated § 2511(1)(a). *See*

*DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 167 (3d Cir. 2005). An encrypted television broadcast constitutes an "electronic communication." *Pepe*, 431 F.3d at 166; *see also United States v. Laude*, 968 F.2d 907, 909 (9th Cir. 1992) ("A person who views satellite television programming by use of a modified descrambler and a satellite dish 'intentionally intercepts' the satellite television signal, which is an 'electronic communication.'")

Taking the factual allegations of Plaintiffs' Complaint as true, Plaintiffs have established that Defendant intentionally intercepted an electronic communication. On numerous occasions, Defendant purchased subscriptions to IKS Rocket, Nfusion Private Server, and Akai Japan, which are all services used to misappropriate and intercept DISH Network's signals. (Compl. ¶ 8.) Defendant additionally used an unauthorized receiver loaded with piracy-enabling software, which utilized key words provided by the above subscriptions to descramble DISH Network's satellite signal and enable Defendant to view their programming without paying. (*Id.* ¶ 16.) Therefore, the Court finds that since Plaintiffs established a legitimate cause of action, and Defendant failed to respond, an entry of default judgment is proper.

A. **Plaintiffs are Entitled to Statutory Damages**

Rule 55(b)(2)(B) specifies that "a court may conduct hearings . . . when it needs to . . . determine the amount of damages" owed to a party after entry of default judgment. However, damages may be determined without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Malik v. Hannah*, 661 F. Supp. 2d 485, 493 (D.N.J. 2009) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Section 2520 of the ECPA authorizes civil damages for violations of § 2511. 18 U.S.C. § 2520. Section 2520(c)(2) provides for statutory damages where there has been an intentional interception of an encrypted or scrambled communication.

*See* 18 U.S.C. § 2520(c)(2). The statute authorizes the Court to award the greater of "(A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2). Plaintiffs have alleged that Defendant used the pirated services to access DISH Network's programming on and off for the past four years and request that this Court award $10,000 in statutory damages. (Compl. ¶¶ 25-28.) "Congress wrote § 2520(c)(2) to give discretion to the Court in determining whether to award damages, but the plain language of the statute does not . . . authorize the Court to grant anything other than the damages permitted by the statute." *DISH Network L.L.C. v. DelVecchio*, 831 F. Supp. 2d 595, 601 (W.D.N.Y. 2011). In this case, the Court finds an award of $10,000 to be proper.

**B.    Plaintiffs are Entitled to Permanent Injunctive Relief**

Section 2520(b) of the ECPA allows courts to grant "preliminary and other equitable or declaratory relief." 18 U.S.C. § 2520(b)(1). When considering the issuance of a permanent injunction, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 388 (2006). "The Court may issue a permanent injunction in the context of a default judgment where these requirements are met." *E.A. Sween Co. v. Deli Express of Tenafly, LLC*, 19 F. Supp. 3d 560, 576 (D.N.J. 2014).

The Court finds that based on Defendant's conduct, Plaintiffs have suffered an irreparable injury. While the damages provided above are significant, they do nothing to prevent future piracy of DISH Network's programming. The burden placed on Defendant to comply with an injunction would merely be the cost of foregoing illegal activity. Additionally, the public interest is served by an injunction that helps to enforce federal law. This Court finds the criteria for a permanent injunction to have been met and therefore grants Plaintiffs' request for a permanent injunction enjoining Defendant from intercepting Plaintiffs' encrypted electronic communications.

### III. Conclusion

For the reasons stated above, Plaintiffs' motion for default judgment against Defendant is granted. An Order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: February 20th, 2015